UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KARI LORCH,

                Plaintiff,

-against-

RANDELL DAVID OLMSTEAD,

                Defendant.

24-CV-2994 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who resides in New York, brings this *pro se* action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331.[1] She sues her ex-husband, Randell David Olmstead of Florida, alleging that her claims arose in Sarasota and Brevard Counties in Florida. (ECF 1 at 5.) For the following reasons, the Court transfers this action to the United States District Court for the Middle District of Florida.

## DISCUSSION

Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. *See* 28 U.S.C. § 1391(c)(1).

---

[1] Plaintiff filed an earlier suit against the same defendant, which was also transferred to the Middle District of Florida. *See Lorch v. Olmstead*, No. 22-CV-8672 (LTS) (S.D.N.Y. Nov. 16, 2022). Plaintiff asks that this suit be deemed related to that earlier action. (ECF 3.)

Here, Plaintiff alleges that the events or omissions giving rise to her claims occurred in Brevard and Sarasota Counties in Florida. (ECF 1 at 5.) Further, the sole defendant is alleged to be a citizen of Florida. (*Id.* at 3.) Brevard and Sarasota Counties are both within the Middle District of Florida. S*ee* 28 U.S.C. § 89(b). Thus, under Section 1391(b)(1)-(2), the Middle District of Florida appears to be a proper venue for this action. By contrast, because Plaintiff alleges that the only defendant resides outside this district and that the events giving rise to her claims took place outside this district, venue does not appear to be proper in this district.

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because venue is not proper in this district but does appear to lie in the Middle District of Florida, in the interest of justice, the Court transfers this action to the United States District Court for the Middle District of Florida. *See* § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Florida. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes the action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated:   April 26, 2024
           New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge